# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRACEY BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-5845 |
| v. ) | |
| ) | |
| NORTHWESTERN MEMORIAL ) | |
| HEALTHCARE, NORTHWESTERN MEDICINE ) | |
| HOLDINGS CO., and NORTHWESTERN ) | |
| MEMORIAL HOSPITAL, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, TRACEY BAKER, by and through her counsel, Jeffrey & Erwin, LLP and complains of Defendant NORTHWESTERN MEMORIAL HEALTHCARE, NORTHWESTERN MEDICINE HOLDINGS CO., and NORTHWESTERN MEMORIAL HOSPITAL, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2617(a)(2) and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendants have their principal places of operation in this District, Plaintiff and, on belief, Defendants do business in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and terminated by Defendants, in this District.

## PARTIES

3. Plaintiff, TRACEY BAKER, is and was at all times relevant to this Complaint an adult female resident of Cook County and the City of Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendants, within its Department of Internal Medicine. Plaintiff was harmed by Defendants in this District.

4. Defendant NORTHWESTERN MEMORIAL HEALTHCARE is a corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

5. Defendant NORTHWESTERN MEDICINE HOLDINGS CO. is a corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

6. Defendant NORTHWESTERN MEMORIAL HOSPITAL is a corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

## UNDERLYING FACTS COMMON TO ALL COUNTS

7. Plaintiff requested leave pursuant to the Family and Medical Leave Act ("FMLA").

8. Plaintiff took leave from October 22, 2020 to November 20, 2020.

9. Plaintiff was led to believe the request was granted.

10. However, on November 20, 2020, noticed on Sedgwick website that FMLA was denied. Plaintiff received a call from the Interim Practice Manager, Brianna Radar, that her FMLA request was denied and inquired if Plaintiff was returning to work on November 23, 2020. Plaintiff advised she will return to work due to her FMLA denial.

11. On November 23, 2020, Plaintiff completed COVID screening questions online. After doing so, she was informed to stay at home. On that same day, Plaintiff took a COVID test, and learned of a positive result that afternoon. Plaintiff immediately informed Brianna Radar via email, who responded via email and advised Plaintiff to contact corporate health and to follow-up with her. Plaintiff contacted corporate health and a COVID test was ordered. Plaintiff received a positive Covid result in MyChart. Plaintiff emailed Ms. Radar notifying her of the positive test result, but did not receive a response.

12. On November 23, 2020, Plaintiff was contacted by her Sedgwick representative who handles FMLA claims named " Samantha R." to inform Plaintiff her claim was denied and gave information on how to appeal the decision.

13. On November 25, 2020, Plaintiff was contacted by Samantha R. informing her that she received a new Covid claim. Samantha R. informed Plaintiff that her first claim had been denied and had no return-to-work date. Samantha R. stated she would combine the claims, so both claims can be approved and to eliminate the extra paperwork.

14. On December 6, 2020, a physician from the covid team contacted Plaintiff by phone and released Plaintiff back to work on December 7, 2020.

15. On December 7, 2020, Plaintiff returned to work and had a meeting with the Interim Manager and new practice manager Kimberly Parsa**.** **T**hey discussed how Plaintiff was feeling and how Plaintiff was experiencing shortness of breath. Plaintiff was advised to monitor her symptoms

3

and notify them of any changes. Parsa and Radar also discussed an incident regarding the administration of a vaccine given by the Plaintiff on October 21, 2020, although Plaintiff already discussed the administration error to the ordering provider who stated, "[Patient] should be okay but from now on, I'll let you know when a vaccine should be given." Parsa and Radar advised Plaintiff that an investigation will be conducted and will be notified of the outcome. That same day, Plaintiff clocked out and notified Operation Manager Leandra Fleming-Smith that she had struggled with shortness of breath throughout the day and would complete the Covid screening and contact corporate health the next day to ensure that the symptom wasn't a lingering Covid symptom.

16. On December 8, 2020, Plaintiff completed the covid screening, for shortness of breath, and was advised to stay home. Plaintiff was contacted by a triage nurse from the Covid team, who informed Plaintiff that her shortness of breath may not be a lingering symptom of Covid. Plaintiff was advised to rest and follow-up with her PCP. Plaintiff was contacted by a physician of the Covid team and was cleared for work on December 13, 2020. Plaintiff returned to work on December 14, 2020.

17. At that time, plaintiff was again told her FMLA was denied and was given an escalated "final" written warning for both attendance and performance by Kimberly Parsa. Parsa did not allow Plaintiff the opportunity to explain the inaccuracies provided by Samantha R. regarding her claims. Parsa did not provide information on how to appeal the FMLA denial. Further, Plaintiff was only given the option to appeal the final written warning.

18. Nevertheless, as of December 15, 2020, Plaintiff's human resources profile indicated the FMLA leave was approved and no corrective action was referenced.

19. Plaintiff was then subjected to harassment, false accusations of misconduct, poor performance and attendance and such false accusations were forwarded to human resources; Plaintiff was also inundated with work, all of which created a hostile work environment.

20. As a result, and on February 2, 2021, Plaintiff reported her manager, Kimberly Parsa, to Human Resources via phone, asserting that her health has been affected due to the hostile work environment created by Ms. Parsa following her return from FMLA.

21. On February 5, 2020, Plaintiff was contacted by Human Resources, Ryan Eckhert via e-mail, informing her he received Plaintiff's complaint and had notified Parsa to schedule a meeting. Ms. Parsa scheduled a meeting with Human Resources for February 8, 2020, to discuss Plaintiff's claims of health issues due to the hostile work environment created by Ms. Parsa. Plaintiff requested that Leandra Fleming-Smith to be present at the meeting as well. At that time, Ms. Parsa cancelled the meeting with no response or indication of when the meeting would be rescheduled.

22. On that same day, Parsa interviewed Plaintiff and staff about an improper mixing of vials that caused a medication administration error that allegedly occurred on February 3, 2021. Ms. Parsa informed Plaintiff she would inform her of the outcome of her investigation regarding administration error.

23. On February 9, 2021, Parsa interviewed Plaintiff about the process of verifying medication before administering medication due to a verification error that allegedly occurred on February 3, 2021. Ms. Parsa informed the plaintiff she would inform her of the outcome of her investigation regarding verification error. Plaintiff, as an "administrator" of medication always followed protocol and verified medication prior to administering

24. That same day, Plaintiff spoke to Leadra Fleming-Smith after work hours to discuss the change in the interviews that were conducted. Mrs. Fleming-Smith told Plaintiff that Ms. Parsa could not find any errors with the administration of vaccines, or the documentation. Mrs. Fleming-Smith agreed with Plaintiff that Ms. Parsa changed the course of her investigation from administration of a vaccine error to a verification of a vaccine error.

25. However, on February 10, 2021, eight days after making a complaint with Human Resources, without any investigation into the concerns Plaintiff's raised, and in retaliation, Plaintiff's employment was terminated by Defendants.

26. Thus, as a result of exercising her right to file for FMLA, Plaintiff was subjected to retaliation and harassment, which ultimately included termination of her employment.

**COUNT I – FEDERAL AND MEDICAL LEAVE ACT VIOLATION**
**FMLA INTERFERENCE**
(Defendants Northwestern Memorial Healthcare, Northwestern Medicine Holdings Co., and Northwestern Memorial Hospital)

27. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

28. Defendants NORTHWESTERN MEMORIAL HEALTHCARE, NORTHWESTERN MEDICINE HOLDINGS CO., and NORTHWESTERN MEMORIAL HOSPITAL are covered employers as defined by the FMLA. 29 U.S.C. §2611(4)(A)(i).

29. At all times relevant to this Complaint and the claims alleged, Plaintiff was a full-time employee of Defendants in its Department of Internal Medicine, and is an eligible employee as defined by the Act. 29 U.S.C. §2611(2)(A).

30. Plaintiff was entitled to take FMLA leave and proper notice was given to Defendants.

31. Plaintiff was denied a benefit for which she was entitled under FMLA.

32. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered harm.

WHEREFORE, Plaintiff, TRACEY BAKER, respectfully requests that this Court enter judgment in her favor and against Defendants, and order the following affirmative and other relief: (1) pay Plaintiff compensatory damages, sustained as a result of the violations, in excess of the jurisdictional amount; (2) reinstate Plaintiff to her position as Registered Medical Assistant, (3) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (4) order such other relief as this Court deems just and proper.

### **COUNT II — FEDERAL AND MEDICAL LEAVE ACT VIOLATIONS RETALIATION / TERMINATION**
(Defendants Northwestern Memorial Healthcare, Northwestern Medicine Holdings Co., and Northwestern Memorial Hospital)

33. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

34. Defendants NORTHWESTERN MEMORIAL HEALTHCARE, NORTHWESTERN MEDICINE HOLDINGS CO., and NORTHWESTERN MEMORIAL HOSPITAL are covered employers as defined by the FMLA. 29 U.S.C. §2611(4)(A)(i).

35. At all times relevant to this Complaint and the claims alleged, Plaintiff was a full-time employee of Defendants in its Department of Internal Medicine, and is an eligible employee as defined by the Act. 29 U.S.C. §2611(2)(A).

36. At all times relevant to this Complaint, Plaintiff performed her job for Defendants satisfactorily and within legitimate expectations of Defendants.

37. By filing for leave under the FMLA, Plaintiff engaged in a statutorily protected activity.

38. As a result, and by the conduct described above, Defendants and their agents retaliated against and ultimately terminated Plaintiff in violation of the Federal and Medical Leave Act.

39. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered harm.

WHEREFORE, Plaintiff, TRACEY BAKER, respectfully requests that this Court enter judgment in her favor and against Defendants, and order the following affirmative and other relief: (1) pay Plaintiff compensatory damages, sustained as a result of the violations, in excess of the jurisdictional amount; (2) reinstate Plaintiff to her position as Registered Medical Assistant, (3) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (4) order such other relief as this Court deems just and proper.

Dated: November 1, 2021

        /s *Antonio L. Jeffrey*
           Attorney for Plaintiff


JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com